UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ISIDORO MELILLO,
     Plaintiff,
vs.
SHENDELL & ASSOCIATES,
     Defendant.
_____/

## COMPLAINT
### (Jury Demand)

## Introduction

1.  This is an action for actual damages and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (''FDCPA''), and for actual damages, statutory damages, punitive damages, and injunctive relief, for Defendant's violation of the Florida Consumer Collection Practices Act, § 559.55, *et seq.*, Florida Statutes ("FCCPA"), resulting from Defendant's collection of a debt from Plaintiff.

## Jurisdiction

2.  This Court has jurisdiction according to 28 U.S.C. §§ 1331 and 1337(a), and 15 U.S.C. § 1692k(d).

## Venue

3.  Venue in this District is proper, according to 28 U.S.C. § 1391, because Defendant transacts business here and the conduct complained of occurred here.

## Parties

4.  Plaintiff **ISIDORO MELILLO** ("Melillo") is a natural person residing at all relevant times in Broward County, Florida.

5.  Defendant **SHENDELL & ASSOCIATES, P.A.** ("Shendell") is a corporation with its principal place of business in Lighthouse Point, Florida.

6.  Defendant Shendell is in the business of collecting debts, for which it uses the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

7.  Plaintiff is a ''consumer'' as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8.  Shendell is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9.  The debt Shendell sought to collect from Melillo was a "consumer" "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

10.  Plaintiff is a "consumer" as defined by the FCCPA, § 559.55(2).

11.  Shendell is a "debt collector" as defined by the FCCPA § 559.55(6).

12.  The debt which Defendant sought to collect is a "consumer debt" as defined by the FCCPA, § 559.55(1).

## Facts

13.  Shendell, on behalf of Bonaventure Condominium Association, Inc.,

sought to collect from Melillo money he allegedly owed to his condominium association for such items as maintenance assessments, late fees and interest.

14.  The condominium unit in question is Melillo's home.

15.  On or about 9 February 2011, Shendell sent Melillo a collection letter, a copy of which is attached as exhibit *A*.

16.  The 9 February 2011 letter was Shendell's initial communication with Melillo concerning the debt.

17.  On or about 22 March 2011, Shendell sent Melillo a second collection letter, a copy of which is attached as exhibit *B*.

18.  On or about 2 May 2011, Shendell filed a lawsuit in Broward County Circuit Court to collect the debt.  A copy of the complaint is attached as exhibit *C*.

19.  On or about 19 May 2011, Shendell sent Melillo a third collection letter, a copy of which is attached as exhibit *D*.

20.  Shendell's initial communication letter (9 February 2011) provided Melillo with a hodge-podge of information about how much the debt is, so that Melillo could not readily identify how much he owed the condominium association.[1]

---

[1] *See*, Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC, 214 F.3d 872 (7th Cir. 2000). *Accord*, Dragon v. I.C. System, Inc., 483 F. Supp. 2d 198, 203 (D. Conn. 2007); Goins v. JBC & Assocs., 352 F. Supp. 2d 262, 269 (D. Conn. 2005); Collins v. Feiwell & Hannoy, P.C., 2008 U.S. Dist. LEXIS 88561, 12-15 (S.D. Ind. Oct. 30, 2008); Smith v. Lyons, Doughty & Veldhuius, P.C., 2008 U.S. Dist. LEXIS 56725, 17-19 (D.N.J. July 22, 2008).

21.  The first collection letter Shendell sent Melillo contains improper amounts that were not due, such as the charging of late fees on 1-1-11 and 2-1-11 in the amount of $25 each. The Declaration of Condominium (a portion of which is attached to the state court complaint) states that late fees are due the eleventh (11th) day of the month when the assessment is due, so Shendell sought to collect late fees when they were not due.

22.  After Shendell sent its initial collection letter, Melillo submitted three payments that were accepted by the condominium association, in the amount of $1,256. The payments made via check, indicated in the memo section, that payments were being made for the maintenance of January, February and March, 2011.

23.  However, despite the acceptance of the payments submitted by Melillo, Shendell drafted and filed a claim of lien dated March 18, 2010 on Melillo's home (a copy of which is attached as part of the state court complaint).  Even though Melillo had made payments for January, February and March of 2011, the claim of lien improperly indicated the months of January and February, 2011 as unpaid and outstanding.

24.  The second collection letter Shendell sent Melillo included charges not yet due, such as the charging of late fees on 1-1-11, 2-1-1 and 3-1-11 in the amount of $25 each. The Declaration of Condominium states that late fees are due the

eleventh (11th) day of the month when the assessment is due, so Shendell was improperly charging late fees to Melillo when they were not yet due.

25.  Although the second collection letter acknowledges receipt of payments, one of which was made on 3-3-11, yet it assesses a late fee for 3-1-11, in contravention of the Declaration of Condominium.

26.  The third collection letter Shendell sent Melillo included a laundry list of costs, fees and charges that are not permitted by the Condominium Act or by Florida law and which charges are in many instances excessive.

27.  Shendell knew or should have known that it had to provide Melillo with a clear amount of the debt owed in the first communication letter.

28.  Shendell knew or should have known that it could not collect the amounts of the debt it sought to collect from Melillo.

29.  Shendell knew or should have known that it was misrepresenting the amount of the debt it sought to collect from Melillo.

## COUNT I
### (FDCPA Violation)

30.  Plaintiff realleges and incorporates here paragraphs 1 through 29.

31.  Shendell violated 15 U.S.C. § 1692a by failing to specify the amount of the debt in its initial communication to Melillo.

32.  Shendell violated 15 U.S.C. § 1692e by misrepresenting the amount of the debt Melillo owed.

33.  Shendell violated 15 U.S.C. § 1692f by unfairly attempting to collect more than Melillo owed.

34.  As a result of the violation of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## COUNT II
### (FCCPA Violation)

35.  Plaintiff realleges and incorporates here paragraphs 1 through 29.

36.  By seeking to collect more than Melillo owed, Shendell violated § 559.72(9), Florida Statutes.

37.  As a result of its violation of the FCCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, punitive damages, costs, attorney's fees, and injunctive relief.

## Prayer For Relief

38.  WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant for:

A.  Actual damages, according to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages, according to 15 U.S.C. § 1692k(a)(2)(A);

C.  Costs, according to 15 U.S.C. §  1692k(a)(3);

D.  Reasonable attorney's fees, according to 15 U.S.C. § 1692k(a)(3);

E.  Actual damages, according to § 559.77(2), Florida Statutes;

F.  Statutory damages, according to § 559.77(2), Florida Statutes;

G.  Costs, according to § 559.77(2), Florida Statutes;

H.  Reasonable attorney's fees, according to § 559.77(2), Florida Statutes;

I.  A permanent injunction prohibiting Defendant from continuing to violate

the FCCPA, according to § 559.77(2), Florida Statutes;

J. Punitive damages, according to § 559.77(2), Florida Statutes.

## JURY TRIAL DEMAND

39.  Plaintiff demands trial by jury.

Dated: 2011-09-17
Coral Gables, Florida

/s/ *Leo Bueno*

Leo Bueno, Fla. Bar #: 716261
LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679
Coral Gables, FL  33114-1679
305-669-5260; 305-328-9301 [fax]
Leo@BuenoLaw.com
*Attorney for Plaintiff ISIDORO Melillo*

U:\CLIENTS\Melillo Isidoro 0284\0284 Melillo FDCPA and FCCPA federal court.doc

# Exhibit
# A

# SHENDELL & ASSOCIATES, P.A.

3650 North Federal Highway • Suite 202 • Lighthouse Point, FL 33064 • Phone (954) 781-3747 • Fax (954) 781-3748

February 9, 2011

*Via Regular U.S. Mail and Certified Mail Return Receipt Requested 70102780000311880208*

Isidoro Melillo
Concetta Melillo
16171 Blatt Boulevard, #413
Weston, Florida 33326

      Re: Fairways at Bonaventure Condominium Association, Inc.
          16171 Blatt Boulevard, #413, Weston, Florida 33326

Dear Mr. & Mrs. Melillo:

    This firm represents Fairways at Bonaventure Condominium Association, Inc. (the "Association"). We have been retained to collect a debt owed to the Association, and any information received will be used for that purpose only. We understand that you currently owe the Association unpaid maintenance assessments, costs and attorneys' fees as follows:

| | |
|---|---:|
| Monthly Maintenance Assessments due 1/1/11 and 2/1/11 @$402.00 | $ 804.00 |
| Late Fees on Monthly Maintenance Assessments due 1/1/11 and 2/1/11@$25.00 | $ 50.00 |
| Interest@15% | $ 5.03 |
| Attorneys' fees | $ 225.00 |
| Costs | $ 5.98 |
| TOTAL DUE | $1,090.01 |

    On February 11, 2011 a $25.00 late fee on the February 2011 Monthly Assessment and an interest charge in the amount of $10.05 will be due. Additionally, on March 1, 2011 a Monthly Maintenance Assessment in the amount of $402.00 will be due. Further, on March 11, 2011 a $25.00 late fee on the March 2011 Monthly Assessment and an interest charge in the amount of $15.08 will be due bringing the total to $1,567.14.

    Please obtain a cashier's check or money order in the amount of **$1,567.14** and mail it to us so that we receive it within thirty (30) days from receipt of this letter. If we receive your cashier's check prior to February 11, 2011, you may deduct the $25.00 late fee on the February 2011 Monthly Assessment and the $10.05 February interest charge. If we receive your cashier's check prior to March 1, 2011, you may deduct $402.00 for the March 2011 Monthly Assessment. If we receive your cashier's check prior to March 11, 2011, you may deduct the $25.00 late fee on the March 2011 Monthly Assessment and the $15.08 March interest charge. You will then have to



*Isidoro Melillo*
*Concetta Melillo*
*Page 2*

make your regular payments directly to the Association. **Please make your cashier's check or money order payable to the Shendell & Associates, P.A. Trust Account.**

Please note that if you fail to pay the amount due as specified, the Association will proceed with further legal action as prescribed by Chapter 718, Florida statutes to collect this amount, plus additional assessments, interest and attorneys' fees, which may accrue. Such action will include the filing of a claim of lien against your unit. Do not send your check directly to the Association as this will delay crediting your account and will cause attorneys' fees and costs to continue to accrue.

If you have any questions concerning your account, please write or fax the undersigned. If you have paid any or this entire amount, please provide this office with copies of cancelled checks demonstrating proof of payment so that we can have your account properly credited.

Additional attorneys' fees and costs will continue to accrue. Therefore, it is in your best interest to give this matter your immediate attention.

If you previously received a discharge in bankruptcy, the Association seeks only to enforce its in rem remedies with respect to any pre-petition assessments. No personal judgment will be sought for any assessments which came due prior to the date any such bankruptcy petition was filed.

*Unless, within thirty days after your receipt of this letter you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt and verification will be mailed to you by this office. If you request in writing within the thirty-day period the name and address of the original creditor, verification of the name and address of the original creditor, if different from the current creditor, will be mailed to you. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.*

Very truly yours,

Tamar Duffner Shendell
For the Firm

TDS/am

cc: Fairways at Bonaventure Condominium Association, Inc.

# Exhibit
# B

# SHENDELL & ASSOCIATES, P.A.

3650 North Federal Highway • Suite 202 • Lighthouse Point, FL 33064 • Phone (954) 781-3747 • Fax (954) 781-3748

March 22, 2011

*Via Regular U.S. Mail and Certified Mail Return Receipt Requested 70102780000311882998*

Isidoro Melillo
Concetta Melillo
16171 Blatt Boulevard, #413
Weston, Florida 33326

Re: Fairways at Bonaventure Condominium Association, Inc.
16171 Blatt Boulevard, #413, Weston, Florida 33326

Dear Mr. & Mrs. Melillo:

As you are aware, this firm represents the Fairways at Bonaventure Condominium Association, Inc. (the "Association"). We have been retained to collect a debt owed to the Association, and any information received will be used for that purpose only.

On or about February 9, 2011, this firm sent you a letter on behalf of the Association outlining the amounts due to the Association and requesting that you pay the amounts requested within a thirty day period, failing which the Association would file a claim of lien against your property. To date, you have failed to pay the full amount due and the Association has recorded a claim of lien against your property.

We understand that you currently owe the Association unpaid maintenance assessments, costs and attorneys' fees as follows:

| | |
|---|---|
| Monthly Maintenance Assessments due 1/1/11, 2/1/11 and 3/1/11@$402.00 | $1,206.00 |
| Late Fees on Monthly Maintenance Assessments due 1/1/11, 2/1/11 and 3/1/11@$25.00 | $ 75.00 |
| Interest@15% | $ 30.15 |
| Attorneys' fees | $ 450.00 |
| Costs | $ 34.96 |
| Partial payment ck. no. 149 dated 2/10/11 | ($ 427.00) |
| Partial payment ck. no. 150 dated 2/23/11 | ($ 427.00) |
| Partial payment ck. no. 151 dated 3/3/11 | ($ 402.00) |
| TOTAL DUE | $ 540.11 |

On April 1, 2011 a Monthly Maintenance Assessment in the amount of $402.00 will be due. Additionally, on April 11, 2011 a $25.00 late fee on the April 2011 Monthly Assessment and an interest charge in the amount of $20.10 will be due bringing the total to $987.21.

Please obtain a cashier's check or money order in the amount of **$987.21** and mail it to us so that we receive it within thirty(30) days from receipt of this letter. If we receive your cashier's check prior to April 1, 2011, you may deduct $402.00 for the April 2011 Monthly Assessment. If we receive your cashier's check prior to April 11, 2011, you may deduct the $25.00 late fee on the

*Isidoro Melillo*
*Concetta Melillo*
*Page 2*

April 2011 Monthly Assessment and the $20.10 April interest charge. You will then have to make your regular payments directly to the Association. **Please make your cashier's check or money order payable to the Shendell & Associates, P.A. Trust Account.**

Please note that if you fail to pay the amount due as specified, the Association intends to file an action in its name to foreclose the lien for unpaid assessments, interest, administrative late fees, costs and attorneys' fees which may accrue. The Association may also bring an action to recover a money judgment for those amounts without waiving any claim of lien.

Do not send your check directly to the Association as this will delay crediting your account and will cause attorneys' fees and costs to continue to accrue. If you have any questions concerning your account, please write or send a fax to the undersigned. If you have paid any or all of this amount, please provide this office with copies of cancelled checks demonstrating proof of payment so that we can have your account properly credited.

Additional attorneys' fees and costs will quickly accrue as soon as the complaint for foreclosure and/or to recover a money judgment is prepared and filed. Therefore, it is in your best interest to give this matter your immediate attention.

If you previously received a discharge in bankruptcy, the Association seeks only to enforce its in rem remedies with respect to any pre-petition assessments. No personal judgment will be sought for any assessments which came due prior to the date any such bankruptcy petition was filed.

*Unless, within thirty days after your receipt of this letter you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt and verification will be mailed to you by this office. If you request in writing within the thirty-day period the name and address of the original creditor, verification of the name and address of the original creditor, if different from the current creditor, will be mailed to you. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.*

Very truly yours,

Tamar Duffner Shendell
For the Firm

TDS/am

cc:   Fairways at Bonaventure Condominium Association, Inc.

# Exhibit
# C

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

FAIRWAYS AT BONAVENTURE CONDOMINIUM
ASSOCIATION, INC.,                                     CASE NO.:
a Florida Corporation  Not for Profit,

        Plaintiff,

v.

ISIDORO MELILLO, CONCETTA MELILLO, UNKNOWN
TENANT NO. 1, AND UNKNOWN TENANT NO. 2,

        Defendants.

_____/

## COMPLAINT

MAY 02 2011

    Plaintiff, FAIRWAYS AT BONAVENTURE CONDOMINIUM ASSOCIATION, INC.,

("Association"), by and through its undersigned counsel, hereby files this Complaint to Foreclose a

Claim of Lien against the Defendants, ISIDORO MELILLO, CONCETTA MELILLO,

UNKNOWN TENANT NO. 1, AND UNKNOWN TENANT NO. 2, and alleges:

    1.    Plaintiff is a Florida corporation not for profit and a condominium association

organized pursuant to the provisions of Florida Statutes §718, et seq., for the purpose of operating

FAIRWAYS AT BONAVENTURE CONDOMINIUM, ("FAIRWAYS") pursuant to the

Declaration thereof, as recorded in Official Records Book 9672, at Page 119, of the Public Records

of Broward County, Florida ("Declaration").

    2.    Defendants, ISIDORO MELILLO AND CONCETTA MELILLO, ("Defendants"),

are the owners of a unit ("Condominium Unit") in the Condominium, to wit:

> Condominium Unit No. 413 of Phase IV, of Fairways at
> Bonaventure, a Condominium, according to the Declaration thereof,
> as recorded in Official Records Book 9672, at Page 119, of the
> Public Records of Broward County, Florida.

    3.  By virtue of the Defendants' ownership of the Condominium Unit, Defendants,

ISIDORO MELILLO AND CONCETTA MELILLO, are members of the Plaintiff Association and hold title to the Condominium Unit subject to all the terms and provisions of the Declaration of FAIRWAYS AT BONAVENTURE CONDOMINIUM ASSOCIATION, INC., (relevant portions of which are attached hereto as Plaintiff's Exhibit "A").

<u>**COUNT I: FORECLOSURE**</u>

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1, 2, and 3 above and further alleges:

4.      This is an action to foreclose a lien against the Condominium Unit pursuant to Paragraph 16 of the Declaration and Florida Statutes §718.116.

5.      Plaintiff is entitled to relief against the Defendants, ISIDORO MELILLO AND CONCETTA MELILLO, based on the following:

(a)      Plaintiff Association has, pursuant to the Declaration and Florida Statutes §718.101 <u>et seq</u>., made assessments against the Condominium Unit and the Defendant, and these assessments have become due while the Defendants, ISIDORO MELILLO AND CONCETTA MELILLO, were the owners of the Condominium Unit. In addition, interest has accrued thereon, pursuant to Paragraph 16 of the Declaration and Florida Statutes §718.116 at the rate of 15% per annum.

(b)      Plaintiff has caused its Claim of Lien ("Lien") to be filed, pursuant to Florida Statutes §718.116, for the aforesaid assessments in the amount of $804.00 as of February 9, 2011 plus assessments coming due thereafter, interest, attorneys' fees and costs. The Lien is recorded in the Public Records of Broward County, Florida, and the Lien is for the purpose of securing payment to the Plaintiff Association of the above-mentioned delinquent assessments, assessments accruing thereafter, interest, attorneys' fees and costs accrued thereon to date of

payment, a copy of the Lien being attached hereto as Plaintiff's Exhibit "B." During the course of this collection action, Plaintiff has received partial payments in the amount of $427.00, $427.00, and $402.00, which Plaintiff applied pursuant to Florida Statutes §718.116.

6.    Notice of the Lien and intention to foreclose thereon was sent by certified mail, return receipt requested, to the Defendants (a copy of which is attached hereto as Plaintiff's Exhibit "C").

7.    As a direct result of the Defendants', ISIDORO MELILLO AND CONCETTA MELILLO, failure to pay the assessments as they fell due, the Plaintiff has been forced to retain legal counsel and to pay the counsel a reasonable fee for services incurred herein, and this amount is recoverable from the Defendants pursuant to Florida Statutes §718.116(6)(a), and the Declaration.

8.    Defendant, UNKNOWN TENANT NO. 1, may have an interest in the property by virtue of being tenants in same, but said interest, if any, is subordinate to and inferior to the interest of the Plaintiff.

9.    Defendant, UNKNOWN TENANT NO. 2, may have an interest in the property by virtue of being tenants in same, but said interest, if any, is subordinate to and inferior to the interest of the Plaintiff.

10.    All conditions precedent to bringing this cause of action have been performed or have occurred.

WHEREFORE, the Plaintiff demands that this Court enter its Final Judgment against the Defendants foreclosing the Plaintiff's Lien in the amount of $804.00, plus any and all regular and special assessments coming due after the date of recording the Lien, together with costs, interest and reasonable attorneys' fees, less any partial payments received, and that this Court, in addition

adjudge that the Plaintiff has a Lien upon all and singular lands, premises and improvements described herein as the Condominium Unit, superior to any right, title claim or interest of the Defendants for the amount adjudged to be due and owing from the Defendants to the Plaintiff and in the event the same is adjudged to be due, and the Plaintiff be not paid within the time limits set by this Court, that the Condominium Unit be sold according to law to satisfy the Final Judgment, and should deficiency arise, that the Plaintiff be granted a Judgment for such amount against the Defendant.

## COUNT II - BREACH OF CONTRACT

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1, 2, and 3 above and further alleges:

11.    Defendants, ISIDORO MELILLO AND CONCETTA MELILLO, pursuant to Florida Statutes §718.101 et seq., and the Declaration (relevant portions of which are attached hereto as Exhibit "A"), are obligated to pay to Plaintiff monthly maintenance assessments and special assessments which are assessed against the subject property herein.  Plaintiff has filed its Claim of Lien for Assessments in the Public Records of Broward County, Florida, which is attached hereto and sets forth the amounts due to Plaintiff as of the date of recording.

12.    Defendants, ISIDORO MELILLO AND CONCETTA MELILLO, pursuant to Florida Statutes §718.101, et seq., and the Declaration (relevant portions of which are attached hereto as Exhibit "A"), are obligated to pay to Plaintiff interest on maintenance assessments and special assessments which are assessed against the Condominium Unit herein and which are not paid on or before the due dates for the assessments. During the course of this collection action, Plaintiff has received partial payments in the amount of $427.00, $427.00, and $402.00, which Plaintiff applied pursuant to Florida Statutes §718.116.

13.    Defendants, ISIDORO MELILLO AND CONCETTA MELILLO, have failed and refused to pay all assessments, and interest thereon, which have been assessed against the Condominium Unit herein, since the date set forth in the lein through present.   In addition, this sum accrues interest at the rate of 15% per annum and attorneys' fees and costs.

14.    Plaintiff has been damaged as a direct result of Defendants', ISIDORO MELILLO AND CONCETTA MELILLO, failure to pay assessments due.

15.    As a direct result of the Defendants', ISIDORO MELILLO AND CONCETTA MELILLO, failure to pay these amounts as they fell due, the Plaintiff has been forced to retain legal counsel and to pay the counsel a reasonable fee for services incurred herein and the amount is recoverable pursuant to Florida Statutes §718.116 and Paragraph 16 of the Declaration (relevant portions of which are attached hereto as Exhibit "A").

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant, plus pre-judgment interest on a liquidated sum, costs and reasonable attorneys' fees.

TO ALL DEFENDANTS:   PLEASE READ THE NEXT PAGE WHICH CONTAINS IMPORTANT INFORMATION IF YOU WANT TO DISPUTE THE VALIDITY OF THE DEBT WHICH PLAINTIFF IS ATTEMPTING TO COLLECT IN THIS LAWSUIT.

Dated this 29 day of April, 2011.

SHENDELL & ASSOCIATES, P.A.
3650 North Federal Highway, Suite 202
Lighthouse Point, FL 33064
(954) 781-3747

By:_____
        Tamar Duffner Shendell
        Florida Bar No. 861359

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. SECTION 1692g AS AMENDED

1.   The amount of the debt is set forth in the complaint which is attached to this notice.

2.   The Plaintiff as set forth in the attached summons and complaint is the creditor to whom the debt is owed.

3.   The debtor may dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this notice.  If the debtor fails to dispute the debt within 30 days, the debt will be assumed valid by the creditor.

4.   If the debtor notified the creditor's law firm in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5.   If the creditor named herein is not the original creditor, and if the debtor makes a written request to the creditor's law firm within 30 days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6.   Written requests pursuant to this notice should be addressed to creditor's law firm, Shendell & Associates, P.A.

7.   This communication is for the purpose of collecting a debt, and any information obtained from the debtor will be used for that purpose.

The law does not require the debt collector to wait until the end of the thirty-day period to initiate this action to collect this debt.  If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period which begins with your receipt of this notification, the law requires the debt collection to suspend efforts (through litigation or otherwise) to collect the debt until the debt collections mailed the requested information to you.

working capital fund. The purchasers' condominium fund may be commingled by the association with any of its other funds.

The commencement of payment of common expenses by unit owners shall be at such time as the developer notifies unit owners of the commencement date of payment of monthly common expenses, provided same shall not commence later than the first day of the month succeeding thirty (30) days from the first closing in this condominium. Prior to the time that maintenance payments are commenced for the condominium, all maintenance expenses may be paid from the purchasers' condominium fund.

16. ASSESSMENTS, LIABILITY, LIEN AND PRIORITY, INTEREST, COLLECTION. Common expenses shall be assessed against each condominium parcel owned by the association as provided in paragraph 9 above.

Assessments and installments that are unpaid for over ten (10) days after due date may, at the discretion of the board of directors, be subject to a late charge of Twenty-Five Dollars ($25.00) per month and/or bear interest at the rate of fifteen percent (15%) per annum from the due date until paid.

The board of directors of the association may take such action as they deem necessary to collect assessments, by personal action or by enforcing and foreclosing its lien and may settle and compromise same if in the best interest of the association. The delinquent members shall pay all costs, including reasonable attorney's fees, incident to the collection of such assessments or enforcement of such lien. In any lien foreclosure, the condominium parcel owner may be required to pay a reasonable rental for continued occupancy or use of the condominium parcel, and plaintiff in the foreclosure shall be entitled to the appointment of a receiver to collect same. The association shall be entitled to bid at any sale held pursuant to a suit to foreclose an assessment lien and to apply against said bid, sums due the association for assessments, interest, and collection costs.

As to priority between the lien of a recorded mortgage and the lien for an assessment, the lien for assessment shall be subordinate and inferior to any recorded institutional first mortgage regardless of when said assessment was due, but not to any other mortgage. The association shall maintain a register of institutional first mortgages and shall give such mortgagees notice, in writing, of all notices given by the association to the owner of such condominium parcel encumbered by such institutional first mortgage.

If the mortgagee of a first mortgage of record, or any other purchaser or purchasers of a condominium parcel obtains title to the condominium parcel as a result of the foreclosure of the first mortgage, or by voluntary conveyance in lieu of such foreclosure, such acquiror of title, his successors and assigns, shall not be liable for the share of common expenses or assessments by the association pertaining to such

DC - 15

YOUNG, STERN & TANNENBAUM, P.A.
NORTH MIAMI BEACH

EXHIBIT A

condominium parcel or chargeable to the former owner of such condominium parcel which became due prior to acquisition of title as a result of the foreclosure or voluntary conveyance in lieu of said foreclosure. Such unpaid shares of common expenses or assessments shall be deemed to be common expenses collectable from all of the owners of condominium parcels in the condominium, including such acquiror, his successors and assigns. It is understood that such acquiror shall be liable for his share of common expenses or assessments attributable to his condominium unit from the date of acquiring said condominium unit. However, a institutional mortgagee acquiring title shall not be liable for expenses and assessments pursuant to the provisions of paragraph 11G herein so long as the unit acquired remains unoccupied.

In furtherance of said grant of authority to the association to make, levy and collect assessments to pay the costs and expenses for the operation and management of the condominium, the following provisions shall be operative and binding upon the owners of all condominium units, to wit:

A. In accordance with Florida Statutes, Section 718.112(2)(f), the board of directors of the association shall establish an annual budget, in advance, for each fiscal year, and such budget shall project all expenses for the forthcoming year which may be required for the proper operation, management and maintenance of the condominium. As a common expense of the association, there shall be included the cost and expenses of the Fairways at Bonaventure recreational land use agreement as set out in exhibit "F" and the cost of maintaining leasehold, easements, memberships, and other possessory use or fee interests in lands or facilities, including, but not limited to, country clubs, golf clubs, marinas and other recreational and communal facilities, whether or not contiguous to the lands of the condominium, to provide enjoyment, recreation or other use or benefit to the condominium owners, all as may be now or hereafter acquired, directly or indirectly, in such form and in such manner as may be deemed by the board of directors to be in the best interests of the association. Should the board of directors at any time determine, in the sole discretion of said board of directors, that the assessments levied are or may prove to be insufficient to pay the costs of operation and management of the condominium, or in the event of emergencies, said board of directors shall have the authority to levy such additional assessment or assessments as it may deem to be necessary.

B. All monies collected by the association shall be treated as the separate property of the said association, and such monies may be applied by the association to the payment of any expense of operating and managing the condominium, or to the proper undertaking of all acts and duties imposed upon it by virtue of this declaration of condominium and the articles of incorporation and by-laws of said association, and as monies for any assessment are paid to the association by any condominium parcel owner, the same may be commingled with monies paid to said association by other condominium parcel owners. Although all funds and common surplus, including other assets of the association, and any increments thereto or profits derived therefrom, or from the leasing or use of common elements, shall be held for

YOUNG, STERN & TANNENBAUM, P.A.
NORTH MIAMI BEACH

the benefit of the members of the association, no member of said association shall have the right to assign, hypothecate, pledge, or in any manner transfer his membership interest therein, except as an appurtenance to his condominium parcel. When the owner of a condominium parcel shall cease to be a member of the association by reason of his divestment of ownership of such condominium parcel, by whatever means, the association shall not be required to account to such owner for any share of the funds or assets of the association, or which may have been paid to the association by such condominium parcel owner, as all monies which any condominium parcel owner has paid to the association shall be and constitute an asset of said corporation which may be used in the operation and management of the condominium.

      C.    The payment of any assessment or installment thereof due to the association shall be in default if such assessment, or any installment thereof is not paid unto the association on or before the due date for such payment.

      D.    The owner or owners of each condominium parcel shall be personally liable, jointly and severally, as the case may be, to the association for the payment of all assessments, regular or special, which may be levied by the association where such party or parties are owner or owners of a condominium parcel in the condominium. In the event that any owner or owners are in default in payment of any assessment or installment thereof owed to the association, such owner or owners of any condominium parcel shall be personally liable, jointly and severally, for interest on such delinquent assessment or installment thereof as above provided, and for all costs of collecting such assessment or installment thereof and interest thereon, including a reasonable attorney's fee, whether suit be brought or not.

      E.    No owner of a condominium parcel may exempt himself from liability for any assessment levied against such owner and his condominium parcel by waiver of the use or enjoyment of any of the common elements, or by abandonment of the condominium parcel or in any other way.

      F.    Recognizing that the necessity for providing proper operation and management of the project entails the continuing payment of costs and expenses therefor, which results in benefit to all of the owners of condominium parcels, and that the payment of such common expense represented by the assessments levied and collected by the association is necessary in order to preserve and protect the investment of the owner of each condominium parcel, the association is hereby granted a lien upon such condominium parcel and its appurtenant undivided interest in the common elements, which lien shall secure and does secure the monies due for all assessments now or hereafter levied against the owner of each condominium parcel, which lien shall also secure interest, if any, which may be due on the amount of any delinquent assessments owing to the association, and which lien shall also secure all costs and expenses, including a reasonable attorney's fee, which may be incurred by the association in enforcing this lien upon said condominium parcel and its appurtenant undivided interest in the common elements. The lien granted to the association may

DC - 17

YOUNG, STERN & TANNENBAUM, P.A.
NORTH MIAMI BEACH

be foreclosed in the same manner as real estate mortgages may be foreclosed in the State of Florida, and in any suit for the foreclosure of said lien, the association shall be entitled to rental from the owner of any condominium parcel from the date on which the payment of any assessment or installment thereof became delinquent, and shall be entitled to the appointment of a receiver for said condominium parcel. The rental required to be paid shall be equal to the rental charged on comparable type of condominium units in Broward County, Florida. The lien granted to the association shall further secure such advances for taxes, and payments on account of superior mortgages, liens or encumbrances which may be required to be advanced by the association in order to preserve and protect its lien, and the association shall further be entitled to interest at the rate of ten percent (10%) per annum on any such advances made for such purpose. All persons, firms or corporations who shall acquire, by whatever means, any interest in the ownership of any condominium parcel, or who may be given or acquire a mortgage, lien, or other encumbrance thereon, are hereby placed on notice of the lien rights granted to the association, and shall acquire such interest in any condominium parcel expressly subject to such lien rights.

G. The lien herein granted unto the association shall be effective from and after the time of recording in the Public Records of Broward County, Florida, a claim of lien stating the description of the condominium parcel encumbered thereby, the name of the record owner, the amount due, and the date when due, and the lien shall continue in effect until all sums secured by said lien, as herein provided, shall have been fully paid. Such claims of lien shall include only assessments which are due and payable when the claim of lien is recorded (the maintenance sums that may be accelerated pursuant to the declaration or the by-laws hereto), plus late charges, interest, costs, attorney's fees, advances to pay taxes and prior encumbrances and interest thereon, all as above provided. Such claims of lien shall be signed and verified by an officer or agent of the association. Upon full payment of all sums secured by such claim of lien, the same shall be satisfied of record.

H. Whenever any condominium parcel may be leased, sold, or mortgaged by the owner thereof, which lease of sale shall be concluded only upon compliance with other provisions of this declaration of condominium, the association, upon written request of the owner of such condominium parcel, shall furnish to the proposed lessee, purchaser, or mortgagee a statement verifying the status of payment of any assessment which shall be due and payable to the association by the owner of such condominium parcel. Such statement shall be executed by any officer of the association, and any lessee, purchaser, or mortgagee may rely upon such statement in concluding the proposed lease, purchase, or mortgage transaction, and the association shall be bound by such statement.

In the event that a condominium parcel is to be leased, sold, or mortgaged at the time when payment of any assessment against the owner of said condominium parcel and such condominium parcel due to the association shall be in default (whether or not a claim of lien has been recorded by the association), then the

DC - 18

rent, proceeds of such purchase, or mortgage proceeds shall be applied by the lessee, purchaser, or mortgagee first to payment of any then delinquent assessment or installments thereof due to the association before the payment of any rent, proceeds of purchase, or mortgage proceeds to the owner of any condominium parcel who is responsible for payment of such delinquent assessment.

The association shall have the right to withhold consent to a sale, lease, or mortgage where there is a deficiency or delinquency existing as to an assessment or installment due in the absence of a properly executed assignment to the association of such portion of the proceeds of such sale, lease, or mortgage equal to the amount of such deficiency or delinquency.

In any voluntary conveyance of a condominium parcel, the grantee shall be jointly and severally liable with grantor for all unpaid assessments against the grantor made prior to the time of such voluntary conveyance, without prejudice to the rights of the grantee to recover from the grantor the amounts paid by the grantee therefor.

Institution of a suit at law to attempt collection of the payment of any delinquent assessment shall not be deemed to be an election by the association which shall prevent its thereafter seeking by foreclosure to enforce the collection of any sums still owed to it, nor shall proceeding by foreclosure to attempt to effect such collection be deemed to be an election precluding the institution of suit at law to attempt collection of any balance then remaining due.

17.    INSURANCE.

A.    Liability Insurance.  The board of directors of the association shall obtain public liability and property damage insurance covering all real property owned by the association and all of the common elements of the condominium, and insuring the association and the unit owners, as its and their interests appear, in such amounts as the board of directors of the association may determine from time to time, provided that the minimum amount of coverage shall be $100,000.00/$300,000.00/$10,000.00. Said insurance coverage shall include, but not be limited to, water damage, legal liability, hired automobile, non-owned automobile, and off-premises employee coverages. All liability insurance shall contain a cross-liability endorsement to cover the liability of all unit owners, as a group, to any one unit owner. Premiums for the payment of such insurance shall be paid by the association and charged as a common expense.

B.    Casualty Insurance; Purchase of Insurance.  The association shall obtain fire and extended coverage insurance and vandalism and malicious mischief insurance, insuring all of the insurable improvements within the condominium, including personal property owned by the association, in and for the interest of the association, all unit owners and their mortgagees, as their interests may appear, with a company acceptable to the standards set by the board of directors of the association in

DC - 19

Case 0:11-cv-62048-JIC   Document 1   Entered on FLSD Docket 09/17/2011   Page 26 of 36

CFN # 109937887, OR BK 47796   Page 832, Page 1 of 2, Recorded 09/17/2011 at
11:38 AM, Broward County Commi  sion,   Deputy Clerk ERECORD

This Instrument Prepared By and
To Be Returned To:

Tamar Duffner Shendell, Esq.
3650 North Federal Highway
Suite 202
Lighthouse Point, FL 33064

## CLAIM OF LIEN

STATE OF FLORIDA    )
COUNTY OF BROWARD    )

BEFORE ME, the undersigned authority, personally appeared, Tamar Duffner Shendell,
who, upon first being duly sworn, says that she is the Authorized Agent of Fairways at Bonaventure
Condominium Association, Inc., a Florida corporation not for profit ("Association"), whose address
is c/o West Broward Community Management, Inc., Attn: Board of Directors, 820 South State
Road 7, Plantation, Florida 33317, the Lienor herein; and

THAT PURSUANT to Paragraph 16 of the Declaration of Condominium of Fairways at
Bonaventure Condominium Association, Inc., recorded in Official Records Book 9672 at Page 119
and amendments thereto as recorded from time to time, all in the Public Records of Broward
County, Florida (hereinafter collectively referred to as the "Declaration"), this is a claim of lien for
unpaid assessments, due from each Owner of a "Condominium Parcel," as such term is defined in
the Declaration, plus interest at the rate of fifteen percent (15%) per annum from due date until
paid, together with attorneys' fees and costs incurred by the Association incident to the collection of
the assessments and enforcement of this claim of lien, as well as assessments coming due after
February 9, 2011 the following described property located in Broward County, Florida:

Condominium Unit No. 413 of Phase IV, of Fairways at
Bonaventure, a Condominium, according to the Declaration thereof,
as recorded in Official Records Book 9672, at Page 119, of the
Public Records of Broward County, Florida.

EXHIBIT B

In Accordance with the Declaration, there is presently due and owing to Lienor, as of February 9, 2011, from the Owner the sum of Eight Hundred Four and 00/100 Dollars ($804.00) (representing the Monthly Maintenance Assessments due 1/1/11 and 2/1/11 in the amount of $402.00 each), plus late fees, interest, costs, and attorneys' fees, as well as future, monthly and special assessments coming due to the Association, which sum remains unpaid and on which amount the Association claims a lien on the Property pursuant to the Declaration. The record owners of the property are **Isidoro Melillo and Concetta Melillo.**

## FURTHER AFFIANT SAYETH NAUGHT.

Witnesses:

FAIRWAYS AT BONAVENTURE CONDOMINIUM ASSOCIATION, INC., a Florida corporation not for profit

_M. Shulga_
Printed Name: MARIANA SHULGA

By: _____
Tamar Duffner Shendell
Authorized Agent

Printed Name: A. Milano

The foregoing instrument was acknowledged before me this _8_ day of March 2011, by Tamar Duffner Shendell, as Authorized Agent of Fairways at Bonaventure Condominium Association, Inc. who is personally known to me and who did take an oath.

_____
NOTARY PUBLIC

My commission expires:

2

# SHENDELL & ASSOCIATES, P.A.

3650 North Federal Highway • Suite 202 • Lighthouse Point, FL 33064 • Phone (954) 781-3747 • Fax (954) 781-3748

February 9, 2011

*Via Regular U.S. Mail and Certified Mail Return Receipt Requested 70102780000311880208*

Isidoro Melillo
Concetta Melillo
16171 Blatt Boulevard, #413
Weston, Florida 33326

Re: Fairways at Bonaventure Condominium Association, Inc.
16171 Blatt Boulevard, #413, Weston, Florida 33326

Dear Mr. & Mrs. Melillo:

This firm represents Fairways at Bonaventure Condominium Association, Inc. (the "Association"). We have been retained to collect a debt owed to the Association, and any information received will be used for that purpose only. We understand that you currently owe the Association unpaid maintenance assessments, costs and attorneys' fees as follows:

| | |
|---|---|
| Monthly Maintenance Assessments due 1/1/11 and 2/1/11 @$402.00 | $ 804.00 |
| Late Fees on Monthly Maintenance Assessments due 1/1/11 and 2/1/11@$25.00 | $ 50.00 |
| Interest@15% | $ 5.03 |
| Attorneys' fees | $ 225.00 |
| Costs | $ 5.98 |
| TOTAL DUE | $1,090.01 |

On February 11, 2011 a $25.00 late fee on the February 2011 Monthly Assessment and an interest charge in the amount of $10.05 will be due. Additionally, on March 1, 2011 a Monthly Maintenance Assessment in the amount of $402.00 will be due. Further, on March 11, 2011 a $25.00 late fee on the March 2011 Monthly Assessment and an interest charge in the amount of $15.08 will be due bringing the total to $1,567.14.

Please obtain a cashier's check or money order in the amount of **$1,567.14** and mail it to us so that we receive it within thirty (30) days from receipt of this letter. If we receive your cashier's check prior to February 11, 2011, you may deduct the $25.00 late fee on the February 2011 Monthly Assessment and the $10.05 February interest charge. If we receive your cashier's check prior to March 1, 2011, you may deduct $402.00 for the March 2011 Monthly Assessment. If we receive your cashier's check prior to March 11, 2011, you may deduct the $25.00 late fee on the March 2011 Monthly Assessment and the $15.08 March interest charge. You will then have to



*Isidoro Melillo*
*Concetta Melillo*
*Page 2*

make your regular payments directly to the Association. **Please make your cashier's check or money order payable to the Shendell & Associates, P.A. Trust Account.**

Please note that if you fail to pay the amount due as specified, the Association will proceed with further legal action as prescribed by Chapter 718, Florida statutes to collect this amount, plus additional assessments, interest and attorneys' fees, which may accrue. Such action will include the filing of a claim of lien against your unit. Do not send your check directly to the Association as this will delay crediting your account and will cause attorneys' fees and costs to continue to accrue.

If you have any questions concerning your account, please write or fax the undersigned. If you have paid any or this entire amount, please provide this office with copies of cancelled checks demonstrating proof of payment so that we can have your account properly credited.

Additional attorneys' fees and costs will continue to accrue. Therefore, it is in your best interest to give this matter your immediate attention.

If you previously received a discharge in bankruptcy, the Association seeks only to enforce its in rem remedies with respect to any pre-petition assessments. No personal judgment will be sought for any assessments which came due prior to the date any such bankruptcy petition was filed.

*Unless, within thirty days after your receipt of this letter you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt and verification will be mailed to you by this office. If you request in writing within the thirty-day period the name and address of the original creditor, verification of the name and address of the original creditor, if different from the current creditor, will be mailed to you. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.*

Very truly yours,

Tamar Duffner Shendell
For the Firm

TDS/am

cc: Fairways at Bonaventure Condominium Association, Inc.



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Isidoro Melillo
Corinetta Melillo
16171 Blatt Boulevard, #413
Weston, Florida 33326

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                        □ Agent
                                         □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)
   7010 2780 0003 1188 0208

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage      $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees   $ 2.54

                                    Postmark
                                    Here

Sent To
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

7010 2780 0003 1188 0208

PS Form 3800, August 2006        See Reverse for Instructions

# SHENDELL & ASSOCIATES, P.A.

3650 North Federal Highway • Suite 202 • Lighthouse Point, FL 33064 • Phone (954) 781-3747 • Fax (954) 781-3748

March 22, 2011

*Via Regular U.S. Mail and Certified Mail Return Receipt Requested 70102780000311882998*

Isidoro Melillo
Concetta Melillo
16171 Blatt Boulevard, #413
Weston, Florida 33326

     Re:  Fairways at Bonaventure Condominium Association, Inc.
       16171 Blatt Boulevard, #413, Weston, Florida 33326

Dear Mr. & Mrs. Melillo:

    As you are aware, this firm represents the Fairways at Bonaventure Condominium Association, Inc. (the "Association"). We have been retained to collect a debt owed to the Association, and any information received will be used for that purpose only.

    On or about February 9, 2011, this firm sent you a letter on behalf of the Association outlining the amounts due to the Association and requesting that you pay the amounts requested within a thirty day period, failing which the Association would file a claim of lien against your property. To date, you have failed to pay the full amount due and the Association has recorded a claim of lien against your property.

    We understand that you currently owe the Association unpaid maintenance assessments, costs and attorneys' fees as follows:

| | |
|---|---|
| Monthly Maintenance Assessments due 1/1/11, 2/1/11 and 3/1/11@$402.00 | $1,206.00 |
| Late Fees on Monthly Maintenance Assessments due 1/1/11, 2/1/11 and 3/1/11@$25.00 | $    75.00 |
| Interest@15% | $    30.15 |
| Attorneys' fees | $  450.00 |
| Costs | $    34.96 |
| Partial payment ck. no. 149 dated 2/10/11 | ($  427.00) |
| Partial payment ck. no. 150 dated 2/23/11 | ($  427.00) |
| Partial payment ck. no. 151 dated 3/3/11 | ($  402.00) |
| TOTAL DUE | $  540.11 |

    On April 1, 2011 a Monthly Maintenance Assessment in the amount of $402.00 will be due. Additionally, on April 11, 2011 a $25.00 late fee on the April 2011 Monthly Assessment and an interest charge in the amount of $20.10 will be due bringing the total to $987.21.

    Please obtain a cashier's check or money order in the amount of **$987.21** and mail it to us so that we receive it within thirty(30) days from receipt of this letter. If we receive your cashier's check prior to April 1, 2011, you may deduct $402.00 for the April 2011 Monthly Assessment. If we receive your cashier's check prior to April 11, 2011, you may deduct the $25.00 late fee on the

*Isidoro Melillo*
*Concetta Melillo*
*Page 2*

April 2011 Monthly Assessment and the $20.10 April interest charge. You will then have to make your regular payments directly to the Association. **Please make your cashier's check or money order payable to the Shendell & Associates, P.A. Trust Account.**

Please note that if you fail to pay the amount due as specified, the Association intends to file an action in its name to foreclose the lien for unpaid assessments, interest, administrative late fees, costs and attorneys' fees which may accrue. The Association may also bring an action to recover a money judgment for those amounts without waiving any claim of lien.

Do not send your check directly to the Association as this will delay crediting your account and will cause attorneys' fees and costs to continue to accrue. If you have any questions concerning your account, please write or send a fax to the undersigned. If you have paid any or all of this amount, please provide this office with copies of cancelled checks demonstrating proof of payment so that we can have your account properly credited.

Additional attorneys' fees and costs will quickly accrue as soon as the complaint for foreclosure and/or to recover a money judgment is prepared and filed. Therefore, it is in your best interest to give this matter your immediate attention.

If you previously received a discharge in bankruptcy, the Association seeks only to enforce its in rem remedies with respect to any pre-petition assessments. No personal judgment will be sought for any assessments which came due prior to the date any such bankruptcy petition was filed.

*Unless, within thirty days after your receipt of this letter you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt and verification will be mailed to you by this office. If you request in writing within the thirty-day period the name and address of the original creditor, verification of the name and address of the original creditor, if different from the current creditor, will be mailed to you. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.*

Very truly yours,

Tamar Duffner Shendell
For the Firm

TDS/am

cc:    Fairways at Bonaventure Condominium Association, Inc.



**CERTIFIED MAIL**

7010 2780 0003 1188 2998

**RETURNED TO SENDER**

REASON CHECKED
☐ Unclaimed — Refused
☐ Attempted/Not Known
☐ Insufficient Address
☐ No such street
☐ No such office in state
☐ No mail receptacle

Law Offices of

**SHENDELL & ASSOCIATES, P.A.**

Suite 202
3650 North Federal Highway
Lighthouse Point, FL 33064

Isidoro Melillo
Concetta Melillo
1617   Boulevard, #413
W   , Florida 33326

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees $ 5.59

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006                See Reverse for Instructions

7010 2780 0003 1188 2998

# Exhibit

# D

# SHENDELL & ASSOCIATES, P.A.

3650 North Federal Highway • Suite 202 • Lighthouse Point, FL 33064 • Phone (954) 781-3747 • Fax (954) 781-3748

May 19, 2011

Isidoro Melillo
16171 Blatt Boulevard, #413
Weston, Florida 33326

Re:     Reinstatement of Account – Fairways at Bonaventure Condominium Assoc., Inc.
        16171 Blatt Boulevard, #413, Weston, Florida 33326

Dear Ms. Melillo:

Please be advised that we have ascertained the total amount due to bring the above-referenced account current. The amount due is $1,979.34 and can be broken down as follows:

| | | |
|---|---|---|
| Monthly Maintenance Assessments due 1/1/11, 2/1/11, 3/1/11, 4/1/11 and 5/1/11@$402.00 | | $2,010.00 |
| Late Fees on Monthly Maintenance Assessments due 1/1/11, 2/1/11, 3/1/11, 4/1/11 and 5/1/11@$25.00 | | $ 125.00 |
| Interest@15% | | $ 75.38 |
| Attorneys' fees | | $1,625.00 · |
| Costs | | $1,203.96 |
| Title Search & Examination | $275.00 | |
| Filing Fee | $441.00 | |
| Service of Process | $180.00 | |
| Copies/Facsimile/Telephone | $100.00 | |
| ? Check processing @ $25.00 | $150.00 | |
| Recording Fees | $ 46.00 | |
| Certified Mail | $ 11.96 | |
| Partial payment dated 02/10/11, Check No. 149 | | ($ 427.00) |
| Partial payment dated 02/23/11, Check No. 150 | | ($ 427.00) |
| Partial payment dated 03/03/11, Check No. 151 | | ($ 402.00) |
| Partial payment dated 04/06/11, Check No. 155 | | ($ 402.00) |
| Partial payment dated 05/10/11, Check No. 105 | | ($ 402.00) |
| Partial payment dated 05/18/11, pending clearance | | ($1,000.00) |

### TOTAL DUE                                          $1,979.34

Pursuant to your request, enclosed herewith please find a Stipulation of Settlement. If the Stipulation of Settlement meets with your approval, kindly sign before a Notary Public and return the original via U.S. Mail. Please note that no changes or revisions may be made to this document. You must return the signed original to our office so that we receive it no later than within ten days of the date of this letter. **If we do not receive the signed original within ten days of the date of this letter, the offer of settlement is withdrawn and we will move forward with our collection.**

The following statement is being provided as required by federal law: We have been retained by the Association to collect a debt owed to the Association and any information will be used for that purpose.

Very truly yours,

Lawrence A. Shendell
For the Firm

LAS/mg