UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62048-CIV-COHN/SELTZER

ISIDORO MELILLO,

        Plaintiff,
v.

SHENDELL & ASSOCIATES, P.A.,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Shendell & Associates, P.A.'s Motion to Dismiss the Complaint [DE 9] ("Motion"). The Court has considered the Motion, Plaintiff Isidoro Melillo's Response [DE 12], Defendant's Reply [DE 14], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Isidoro Melillo filed his Complaint [DE 1 at 1-7] against Defendant Shendell & Associates, P.A. on September 17, 2011. See Compl. According to the Complaint, Defendant, a debt collector, sought to collect from Plaintiff money that Plaintiff owed to his condominium association. Id. ¶ 13. On February 9, 2011, Defendant sent its first collection letter to Plaintiff. Id. ¶¶ 15-16; Letter dated 2/9/2011 [DE 1 at 9-10] ("February 9th Letter"). On March 22, 2011, Defendant sent a second collection letter. Compl. ¶ 17; Letter dated 3/22/2011 [DE 1 at 12-13] ("March 22nd Letter"). Thereafter, on or about May 2, 2011, Defendant filed a lawsuit in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to collect the debt. Compl. ¶ 18; State Court Complaint [DE 1 at 15-33]. Finally, on May 19, 2011, Defendant sent a third collection letter. Compl. ¶ 19; Letter 5/19/2011 [DE 1 at

35-36] ("May 19th Letter").

Plaintiff complains that Defendant's first letter failed to state a clear amount of the debt owed, so Plaintiff "could not readily identify how much he owed the condominium association."  Compl. ¶ 20.  He further alleges that Defendant sought to collect charges that were not actually due or which were excessive.  Id. ¶¶ 21, 24-26.  Therefore, Plaintiff brings claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count I), and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*. (Count II).  See id.  Plaintiff seeks damages, costs and fees, and injunctive relief.  Id. ¶ 38.

## II. DISCUSSION

On November 10, 2011, Defendant filed its Motion to Dismiss.  Mot. at 1.  The Motion makes the following three arguments: (1) the Complaint fails to comply with Federal Rule of Civil Procedure 8; (2) Count II should be dismissed under the first-filed rule; and (3) the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).  As explained below, the Court finds that none of these grounds merits dismissal.

### A. Rule 8

First, Defendant claims that Plaintiff's Complaint fails under Rule 8.  Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Defendant argues, as to Count I, that "Plaintiff's aggregation of three alleged violations of the FDCPA into a single count does not comport with the pleading requirement[s]."  Mot. at 2.  Defendant characterizes Count I as "typical shotgun pleading by incorporation all of the factual

allegations in support of distinct violations of separate provisions of the FDCPA into a single count." Id.  As to Count II, Defendant asserts that "the Complaint is devoid of any specific factual allegations in support of the alleged violations of the FCCPA and merely incorporates paragraphs 1 through 29." Id. at 3.  Plaintiff responds that his pleading meets Rule 8's requirements.  Resp. at 1.  The Court agrees that the pleading is sufficient.

Defendant seemingly seeks to have Plaintiff replead each violation as a separate count, with each count specifying which paragraph from the fact section applies.  See Reply at 2 ("At a bare minimum, Defendant is entitled to know which factual allegations pertain to which alleged violation of the FDCPA and FCCPA.").  Though the rules require that each separate claim be stated in a separate count "[i[f doing so would promote clarity," Fed. R. Civ. P. 10(b), the claims are already clear here.  For instance, under Count I, in concise statements listed in three separate paragraphs, Plaintiff identifies the section of the FDCPA that Defendant allegedly violated and the related conduct.  See Compl. ¶ 31 (Defendant "violated 15 U.S.C. § 1692(g)a[1] by failing to specify the amount of the debt in its initial communication"), ¶ 32 (Defendant "violated 15 U.S.C. § 1692e by misrepresenting the amount of the debt"), ¶ 33 (Defendant "violated 15 U.S.C. § 1692f by unfairly attempting to collect more than [Plaintiff] owed.").  Separating each of these claims into three separate counts would not necessarily have promoted clarity.  Under Count II, Plaintiff identifies the conduct providing the basis for the FCCPA claim.  See id. ¶ 36 ("By seeking to collect more than [Plaintiff] owed,

---

[1]     Though the Complaint actually reads "15 U.S.C. § 1692a," Plaintiff explains in his response that it should have been 15 U.S.C. § 1692(g)a.  Resp. at 2 n.1.

3

[Defendant] violated § 559.72(9).").  This claim is also sufficiently clear to meet the pleading requirements.  Therefore, dismissal under Rule 8 is not warranted.

### B. First-Filed Rule

Next, Defendant seeks to dismiss the FCCPA claim under the first-filed rule because a similar claim is currently pending in state court in Fairways at Bonaventure Condominium Association, Inc. v. Isidoro Melillo et al., No. 11-010095(2), Fla. Cir. Ct. (filed on May 2, 2011) ("State Court Action").  The first-filed rule provides that, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."  Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).

Plaintiff contends that this rule in inapplicable here first, because the State Court Action is pending in state court rather than federal court, and second, because Defendant in this case is not a party to the State Court Action.  Resp. at 8.  Defendant replies that the Court should nonetheless apply the first-filed rule to dismiss Plaintiff's FCCPA claim because the allegations in the two actions arise from the same common nucleus of operative facts, allowing both actions to proceed creates an opportunity for inconsistent judgments and double recovery, and this Court only has supplemental jurisdiction, not original jurisdiction, over the FCCPA claim.  Reply at 5-6.  Defendant fails to cite any legal authority to support its invitation to expand the first-filed rule in such a way.  Thus, the Court declines to apply the rule to this circumstance.

As one Middle District of Florida court noted, a close reading of the case law "suggests that this rule applies to competing claims filed in separate federal courts, not

4

competing federal and state court actions." Mt. Hawley Ins. Co. v. Sarasota Residences, LLC, 714 F. Supp. 2d 1176, 1181 (M.D. Fla. 2010) (finding first-filed rule inapplicable where one action was pending in state court). Furthermore, prohibiting Plaintiff's FCCPA claim from proceeding here, when Defendant is not a party to the State Court Action, precludes Plaintiff from proceeding against Defendant. To the extent that the State Court Action creates defenses that might apply to this action, Defendant may argue those defenses in the course of the litigation. At this stage, however, the Court will not dismiss Count II based on the first-filed rule.

### C. Rule 12(b)(6)

Finally, Defendant seeks dismissal pursuant to Rule 12(b)(6) for Plaintiff's failure to state a claim. Under Rule 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As mentioned above, in order to state a claim, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v.

Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

As both parties note, when viewing a communication under the FDCPA, the Court apply an objective "least sophisticated consumer" standard.  Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985).  In doing so, the Court must evaluate "the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls."  Id.  "'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010); Rivera v. Amalgamated Debt Collection Servs., Inc., 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) (same).

The Complaint alleges violations of §§ 1692g(a), 1692e, and 1692f of the FDCPA, as well as the FCCPA.  Compl. ¶¶ 31, 32, 33, 36; Resp. at 2 n.1 (explaining that Complaint should have said  § 1692(g)a rather than § 1692a).  For the reasons discussed below, the Court finds that the Complaint states claims under the FDCPA and the FCCPA.

### 1. FDCPA § 1692g(a)

Pursuant to § 1692g(a)(1), the debt collector must state "the amount of the debt" that it seeks to collect from the consumer.  15 U.S.C. § 1692g(a)(1).  Simply stating the amount due is not enough, however.  Chuway v. Nat'l Action Fin. Servs., Inc., 362 F.3d 944, 948 (7th Cir. 2004).  The letter "must state the amount of the debt 'clearly enough

6

that the recipient is likely to understand it.'" Williams v. OSI Educ. Servs., Inc., 505 F.3d 675, 677 (7th Cir. 2007) (quoting Chuway, 362 F.3d at 948); see also Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer-Congress intended that such notice be clearly conveyed"); Weiss v. Zwicker & Assocs., P.C., 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) (finding letter failed to state amount of debt where a consumer reading it could reasonably interpret the amount of debt in two ways); Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1370 (M.D. Fla. 2002) (finding letter failed to state amount of debt where it listed different amounts consumers may owe depending on when payments began, and did not indicate whether consumers owed the full amount stated or when payments began).

The parties agree that Defendant had an obligation to state the amount of the debt in its initial communication, the February 9th letter. See Mot. at 5; Resp. at 4. However, Plaintiff claims that the letter failed to inform him effectively of the amount of the debt, while Defendant contends that the letter clearly and unequivocally stated the amount due. Resp. at 4; Mot. at 5. In pertinent part, the February 9th letter stated the following

> . . . We understand that you currently owe the Association unpaid maintenance assessments, costs and attorney's fees as follows:
> Monthly Maintenance Assessments due 1/1/11
> @$402.00                                                                 $ 804.00
> Late Fees on Monthly Maintenance Assessments due 1/1/11
> and 2/1/11                                                               $ 50.00
> Interest@15%                                                             $ 5.03
> Attorneys' fees                                                          $ 225.00
> Costs                                                                    $ 5.98
>                 TOTAL DUE                                                $1,090.01

>On February 11, 2011 a $25.00 late fee on the February 2011 Monthly Assessment and an interest charge in the amount of $10.05 will be due. Additionally, on March 1, 2011 a Monthly Maintenance Assessment in the amount of $402.00 will be due.  Further, on March 11, 2011 a $25.00 late fee on the March 2011 Monthly Assessment and an interest charge in the amount of $15.08 will be due bringing the total to $1,567.14.
>
>Please obtain a cashier's check or money order in the amount of **$1,567.14** and mail it to us so that we receive it within thirty (30) days from receipt of this letter.  If we receive your cashier's check prior to February 11, 2011, you may deduct the $25.00 late fee on the February 2011 Monthly Assessment and the $10.05 February interest charge.  If we receive your cashier's check prior to March 1, 2011, you may deduct $402.00 for the March 2011 Monthly Assessment.  If we receive your cashier's check prior to March 11, 2011, you may deduct the $25.00 late fee on the March 2011 Monthly Assessment and the $15.08 March interest charge. . . .

Feb. 9th Letter at 1.

Plaintiff argues that the text stating, "We understand that you currently owe the Association unpaid maintenance assessments, costs and attorney's fees as follows . . . TOTAL DUE $1,090.01," id., "seems to tepidly convey [Defendant's] understanding of what [Plaintiff] owed the condominium association, not necessarily the amount [Defendant] demanded from [Plaintiff]."  Resp. at 4-5.  Coupled with the language directing Plaintiff to "Please obtain a cashier's check or money order in the amount of **$1,567.14,**" Plaintiff argues that the letter confuses the least sophisticated consumer as to whether he owes $1,090.01 or $1,567.14.  Resp. at 5; Feb. 9th Letter at 1.

Reading the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff states a claim for violation of § 1692g(a)(1).  To the extent that the parties dispute factual issues regarding whether the letter sent to Plaintiff is actually confusing, this question will ultimately be for the jury to decide at trial.

8

## 2. FDCPA § 1692e

Under to § 1692e, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  "The false representation of . . . the character, amount, or legal status of any debt" is a violation of § 1692e.  See 15 U.S.C. § 1692e(2)(A).  Further, "[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate."  Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011) (quotations omitted); Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006) (same); Russell, 74 F.3d at 35 (2d Cir. 1996) (same); see also Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 441 (6th Cir. 2008) (adopting the "more than one reasonable interpretation" standard to the entirety of § 1692e in analyzing the "least sophisticated consumer" test).

As noted above, Plaintiff claims that the February 9th letter can be read to mean that the debt owed is $1,090.01 or that the debt owed is $1,567.14.  See Resp. at 4.  Defendant disagrees.  Reply at 2-3.  Plaintiff also suggests that the February 9th letter miscalculated the interest payments in reaching the $1,567.14 figure, resulting in a misrepresentation of the nature, amount, or character of the debt.  See Resp. at 5-6.  Once again, Defendant disagrees.  Reply at 3.

Reading the Complaint in the light most favorable to Plaintiff, the Court finds that the Plaintiff states a claim for violation of § 1692e.  Any factual disputes regarding whether the letter is susceptible to more than one reasonable interpretation, whether the letter is deceptive or misleading, or whether Defendant falsely represented the character, amount, or legal status of the debt will be for the jury to decide.

9

**3. FDCPA § 1692f**

Section 1692f provides, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of 15 U.S.C. § 1692f.  See 15 U.S.C. § 1692f(1).

Plaintiff argues that the February 9th letter sought to collect five months of interest when only three months of interest would have been due by March 11, 2011.  See Resp. at 5-6.  Plaintiff also notes that in both the February 9th letter and the March 22nd letter, Defendant asked him to pay money that he did not owe.  See id. at 7.  Specifically, the February 9th letter indicated $1,090.01 as the "TOTAL DUE," but asked for a cashier's check for $1,567.14, see Feb. 9th Letter, and the March 22nd letter indicated $540.11 as the "TOTAL DUE," but asked for a cashier's check for $987.21, see March 22nd Letter.  Resp. at 7.  Additionally, Plaintiff notes, the May 19th letter added a $100.00 fee for "Copies/Facsimile/Telephone" and a $25.00 fee for "Check processing"  May 19th Letter; Resp. at 7.  Plaintiff disputes both charges, Resp. at 7-8, but Defendant argues that the charges were proper under the Association's bylaws, Reply at 4-5.  Such disputed issues of fact are for the jury to determine at trial.  At this stage, the Court must determine merely whether the Complaint states a claim upon which relief can be granted.  With respect to the claim under 15 U.S.C. § 1692f, reading the pleading in the light most favorable to Plaintiff, the Court concludes that the Complaint states a claim.

### 4. FCCPA Claim

Pursuant to the FCCPA, "In collecting consumer debts, no person shall . . . Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). Further, the FCCPA instructs that "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of . . . the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5). Plaintiff's claim for violation of the FCCPA is based on Defendant's attempt to collect more than the amount Plaintiff owed. See Compl. ¶ 36. Accordingly, for the reasons discussed above, the FCCPA claim survives dismissal under Rule 12(b)(6).

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Shendell & Associates, P.A.'s Motion to Dismiss the Complaint [DE 9] is **DENIED**. Defendant shall file its Answer to the Complaint [DE 1] by no later than **February 9, 2012**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 26th day of January, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF